FILED'10 MAR 05 08:13 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY L. MCQUISTEN

    Plaintiff,

v.

UNITED STATES OF AMERICA, U.S.
DEPARTMENT OF AGRICULTURE and
U.S. FOREST SERVICE

    Defendants.

CV 08-408-SU

FINDINGS AND RECOMMENDATION

Sullivan, Magistrate Judge,

    Plaintiff Terry L. McQuisten filed a Complaint, *pro se*, against the United States of America, U.S. Department of Agriculture, and U.S. Forest Service (collectively "government") under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Plaintiff claims personal injuries as a result of alleged negligence by the government regarding a contract the Forest Service had with Don Hollinger for clearing debris from culverts along roads in the Umatilla National Forest. Plaintiff was hired by the Hollinger to do the work. The government has filed a motion for summary judgment.

Page 1 - FINDINGS AND RECOMMENDATION

For the reasons set forth below, I recommend granting the government's motion for summary judgment.

*Background*

The government entered into a contract with Don Hollinger for road maintenance, including cleaning debris from culverts along the roads in the Umatilla National Forest. (Marianne Klingler Decl. Ex. 1, Oct. 8, 2009.) The standard form contract and the modifications to the contract were prescribed by the Government Services Administration and included a provision that Hollinger was to comply with all federal, state and local laws applicable to his performance under the contract. (Klingler Decl. Ex. 1 at 18.) The contract also provided that Hollinger furnish the necessary personnel, material, equipment, services and facilities to perform the work. (Klingler Decl. Ex. 1 at 8.)

Hollinger hired plaintiff and plaintiff's son to do the work, which involved clearing rocks, underbrush, trees, dirt and sediment in and around the culverts. (Kevin Danielson Decl. Ex. 1 at 2-5, Oct. 9, 2009). On September 24, 2004, plaintiff was injured while performing the work on steep ground. Plaintiff suffered injuries to his leg that required surgery.

Plaintiff filed a claim for workers' compensation benefits with the State of Oregon. Hollinger did not carry workers' compensation insurance. The claim was denied because the Workers' Compensation Board determined that plaintiff was an independent contractor, not a subject worker, and was not entitled to benefits. Plaintiff did not appeal this determination. (Virgil L. Osborn Decl. Ex. 2 and 3, Aug. 26, 2009.)

Plaintiff submitted a tort claim to the government and this Complaint for negligence followed. Plaintiff alleges that the government was negligent in failing to maintain defendants'

Page 2 - FINDINGS AND RECOMMENDATION

property,[1] in failing to require Hollinger to be registered with the Construction Contractor's Board and carry all appropriate licenses, insurance, and bonds, and in failing to require Hollinger to maintain workers' compensation insurance. Plaintiff alleges he suffered damages totaling $168,000.

## *Legal Standard*

Summary judgment is appropriate "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c). All material facts are resolved in a light most favorable to nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). The moving party bears the initial burden of showing no genuine dispute of material fact exists. *Id.* at 323.

## *Discussion*

Plaintiff has sued the government under the FTCA alleging negligence. The FTCA provides that the government can be liable for the negligent acts or omissions of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Oregon tort law controls plaintiff's claims here. *See Oberson v. U.S. Dept. of Agriculture*, 514 F.3d 989, 999 (9th Cir. 2008). Defendant argues that plaintiff cannot establish the elements of negligence under Oregon law.

In Oregon, liability for negligence requires proof that "(1) defendant's conduct caused a foreseeable risk of harm, (2) . . . to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) [was] the cause of

---

[1] This claim has been abandoned by plaintiff. (Danielson Decl. Ex. 1 at 19.)

Page 3 - FINDINGS AND RECOMMENDATION

plaintiff's harm, and (5) that plaintiff was within the class of persons and that [his] injury was within the general type was of potential incidents and injuries that made defendant's conduct negligent." *Graham v. Multnomah Co.,* 158 Or. App. 106, 972 P.2d 1215, 1216 (1999) (*citing Solberg v. Johnson,* 306 Or. 484, 490-91, 760 P.2d 867 (1988)). *See also Oki Semiconductor Co. v. Wells Fargo Bank, N.A.,* 298 F.3d 768, 777 (9th Cir. 2002) (listing elements of negligence under Oregon law).

Plaintiff alleges that the government should be liable for his damages because it was negligent in entering into a contract with Hollinger, who was not registered with the State Contractor's Board and did not comply with all federal, state and local laws, including workers' compensation, as required by the contract. Plaintiff contends that the government had a duty to him, under its contract with Hollinger, to ensure that Hollinger complied with state laws regarding registration, licensing, bonding, and insurance, specifically workers' compensation.

The contract between the government and Hollinger provided, in pertinent part, that "[t]he Contractor shall furnish the necessary personnel, material, equipment, services and facilities . . . , to perform the Statement of Work . . . ." (Klingler Decl. Ex. 1 at 8.) Plaintiff correctly points out that the contract also provided "[t]he Contractor shall comply with all applicable Federal, State and local laws, executive orders, rules and regulations applicable to its performance under this contract." (Klingler Decl. Ex. 1 at 18.) This provision does not, however, impose an obligation on the government to ensure the performance of the contractor's compliance with the requirements of state law regarding registration with the Contractor's Board or obtaining insurance, including workers' compensation insurance. *Goodwin v. United States,* 517 F.2d 481, 482 (9th Cir. 1975).

In *Goodwin*, as in this case, the contractor had failed to obtain workers' compensation insurance. The Ninth Circuit held that the obligation to provide insurance was the contractor's, not the United States'. *Id.*

Additionally, there is no dispute that the Oregon Workers' Compensation Board found that plaintiff was not a covered worker but, rather, an independent contractor. Even if the government had an obligation to see that Hollinger had workers' compensation coverage, it would have made no difference for plaintiff. Plaintiff, who was found to be an independent contractor, is not within the class of persons the contractual provision regarding compliance with state law, i.e. workers' compensations insurance, would arguably have been meant to protect.

Likewise, the government did not agree to be responsible to ensure compliance by Hollinger with regard to registration with the Contractor's Board or other requirements imposed by law or regulation. *Id. See also Reid v. United States*, 421 F.Supp. 1244 (E.D. Ca. 1976). The provision in the contract is a standard provision in government contacts and does not mandate any obligation by the government to enforce compliance. *Goodwin*, 517 F.2d at 482. Nor is foreseeability of an injury to plaintiff as a result of the type of work he was hired to do enough to create liability against the government here. *See Graham*, 158 Or. App. at 111 (court declines to equate and conflate elements of foreseeability of harm and unreasonableness of conduct). There are simply no facts to support a claim that the government's conduct in entering into the contract with Hollinger was unreasonable. Further, there are no facts to establish the government's potential liability to a person in plaintiff's position arising from such a provision in the contract.

Defendant's motion for summary judgment should be granted.

Page 5 - FINDINGS AND RECOMMENDATION

*Conclusion*

Based on the foregoing, defendant's Motion for Summary Judgment (doc. #19) should be GRANTED.

*SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 19, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 3rd day of March 2010.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

Page 6 - FINDINGS AND RECOMMENDATION